UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LONIA CURRY, PLAINTIFF

v. CIVIL ACTION NO. 3:09-CV-999-S

SHARON MARINES and
LIBERTY MUTUAL GROUP, INC., DEFENDANTS

**MEMORANDUM OPINION**

Defendant Sharon Marines (who was uninsured) allegedly struck plaintiff Lonia Curry's vehicle while driving through Louisville, Kentucky. Curry sued Marines and her own insurer, Safeco Insurance Company of Illinois ("Safeco")—apparently incorrectly named on the original complaint—in state court, seeking recovery from Marines on a theory of negligence and from Safeco under the uninsured motorist provision of her car insurance policy. Safeco removed the case on December 29, 2009, asserting diversity of citizenship. Curry now moves to remand, arguing (first) that the parties are not completely diverse because both she and Marines are citizens of Kentucky, and (second) that Safeco filed its removal petition more than 30 days after service of the complaint (which occurred on October 26, 2009), rendering it untimely under 28 U.S.C. § 1446(b).

Safeco concedes, as it must, that the plaintiff shares her state citizenship with its co-defendant, and that diversity is therefore lacking on the face of the complaint. It argues instead that Marines is not a "real party to the controversy," and that therefore her citizenship is irrelevant to the question of our jurisdiction. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 188 n.1 (1990); *Certain Interested Underwriters at Lloyd's v. Layne*, 26 F.3d 39, 42 (6th Cir. 1994). If one of the non-diverse parties is "purely a formal or nominal party," her presence may be ignored for purposes of jurisdiction. *Layne*, 26 F.3d at 42 (*citing Salem Trust Co. v. Manufacturers' Fin. Co.*, 264 U.S. 182,

190 (1924)). This theory of maintaining diversity jurisdiction goes by the misnomer "fraudulent joinder": no fraud or improper motive need be shown, the relevant consideration being whether the plaintiff has stated a valid cause of action against the allegedly fraudulently-joined party. *See Saltire Industrial, Inc. v. Waller, Lansden, Dortch & Davis, PLLC*, 491 F.3d 522, 530 (6th Cir. 2007). "[I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non-removing party. All doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

Judge Reeves of the Eastern District of Kentucky has recently decided a case that is directly on point, and we agree with his analysis. In *Engle v. Long*, 2008 U.S. Dist. LEXIS 29061 (E.D. Ky. Apr. 9, 2008), plaintiffs were injured when a dump truck previously driven by one Arlie Napier rolled down a hill and collided with the structure in which they had been enjoying lunch. Plaintiffs sued (*inter alia*) Napier on theories of negligence and gross negligence, and Mountain Laurel Assurance Company on claims for uninsured and underinsured motorist benefits. Plaintiffs and Napier were all citizens of Kentucky; all other defendants were citizens of other states. Mountain Laurel sought to remove the case on the basis of federal diversity jurisdiction, and argued that Napier's presence should be disregarded because he was unnecessarily and fraudulently joined in the action. The court found otherwise, chiefly because the complaint clearly stated claims for negligence and gross negligence against Napier. *Id.* at *9. Those claims, the court held, were "supported by the facts, and there is no reason to believe that the Plaintiffs will be precluded by law from recovering against Defendant Napier." *Id.*

Just so in this case. The complaint plainly sets forth a negligence claim against Marines, and we have at this stage no reason to think that Curry's claim is not legally viable. The question whether Marines's financial situation will effectively preclude recovery against her is immaterial for purposes of jurisdiction: she may still be held legally accountable, and a judgment lien entered against her. Anyway because there is no evidence of her financial position, we have no reason on the record to think that she will be unable to pay, and as we have said we must resolve any doubts in favor of remand. Marines has not been fraudulently joined. She and the plaintiff are not diverse, so the case must be remanded pursuant to 28 U.S.C. § 1447(c). A separate order will implement this decision.